DECISION
This matter is before the Court for decision following a hearing on dueling requests for declaratory relief. Petitioner, Central Falls Housing Authority (CFHA), seeks a declaration that Milad Shabo (Shabo) shall remain a commissioner of the CFHA until a successor is properly appointed, and that Respondent Mark A. Pfeiffer's (Receiver or Pfeiffer) removal of Shabo and appointment of Edna Poulin (Poulin) to the CFHA exceeded the statutory and legal authority granted to him under the Act Relating to Cities and Towns — Providing Financial Stability, G.L. 1956 § 45-9-1 et seq. (Act). Petitioner also seeks an award of legal fees and costs. The Respondent seeks a declaration that the Act grants him the authority to make appointments to the CFHA, and that for the duration of the receivership, Central Falls' Mayor, Charles D. Moreau (Mayor or Moreau), does not have such authority. The Receiver also seeks supplemental relief as may be necessary under the circumstances.
 I Facts and Travel
The following facts are undisputed. On May 19, 2010, pursuant to a petition filed with the Providence County Superior Court by the City Council of Central Falls (City Council) and *Page 2 
the Mayor, Jonathan N. Savage was appointed Temporary Receiver of Central Falls. (Stipulation of Facts ¶ 1.) On June 9, 2010, the Rhode Island Senate passed the Act. Id. ¶ 2. On June 10, 2010, the Rhode Island House of Representatives passed the Act. Id. ¶ 3. On June 11, 2010, the Governor, the Honorable Donald L. Carcieri, signed the Act into law.Id. ¶ 4.
On June 18, 2010, Moreau and the City Council withdrew their motion for the appointment of a judicial receiver.Id. ¶ 7. This Court then entered a Consent Order outlining the transition period from the judicial receivership to the non-judicial receivership as required by the Act. Id.
On July 16, 2010, pursuant to the terms of the Act, Rosemary Booth Gallogly, the Director of Revenue for the Rhode Island Department of Revenue, appointed Pfeiffer as non-judicial receiver for Central Falls. Id. ¶ 5. By a letter dated July 19, 2010, Pfeiffer informed Moreau that he had been appointed receiver of Central Falls and had assumed the duties and functions of the Office of Mayor.Id. ¶ 6. Pfeiffer further instructed Moreau that pursuant to his powers under § 45-9-7(c), Moreau was to henceforth act solely in an advisory capacity. Id.
On September 13, 2010, the Receiver appointed Poulin as a commissioner of the CFHA for a five-year term and informed Shabo that a successor had been appointed to his position.Id. ¶ 10-11. Shabo had previously been appointed to the CFHA on November 25, 2009, to fill the unexpired term of Robert Salisbury whose term was scheduled to expire on April 1, 2010.[1]Id. ¶ 8. Although the City Council was scheduled to vote on Shabo's reappointment on September 24, 2010, the vote did not take place due to the Receiver's lawsuit seeking to enjoin the vote.Id. ¶ 14. *Page 3 
The CFHA's activities are performed and its infrastructure is located entirely within the municipal boundaries of Central Falls.Id. ¶ 17. The United States Department for Housing and Urban Development (HUD) oversees and assesses the CFHA's budget and assesses its management and performance. Id. ¶ 16.
The CFHA's budget is federally funded. Id. ¶ 15. Under Central Falls' budget for fiscal year 2010, the CFHA is budgeted to pay Central Falls $56,974.00. Id. ¶ 12. These payments are to be made in the form of Payment in Lieu of Taxes (PILOT) which are made each year to Central Falls. Id. The CFHA is responsible for calculating the amount to be paid to Central Falls each year, which equals between 10-12.5% of the rental income from the CFHA's units, minus its costs for utilities.[2] Id.
 II Conclusion
In light of this Court's decision in the consolidated matter ofPfeiffer v. Moreau, Nos. 10-5615 and 10-5672 (R.I. Super. Ct. Oct. 18, 2010), which was also issued today and is incorporated by reference into this Decision, the Court declares that the Receiver's removal of Shabo and appointment of Poulin to the CFHA did not exceed the statutory and legal authority granted to him under the Act and is thus valid and proper.
Further, the Court declares that the Mayor, serving in an advisory capacity to the Receiver, does not have the power to make appointments to the CFHA for the duration of the receivership. As a result, the Court denies Petitioner's request for legal fees and costs.
Prevailing counsel may present an order consistent herewith which shall be settled after due notice to counsel of record.
[1] Although Shabo was never reappointed to the CFHA, he remained in the position as a holdover. On June 16, 2010, by a vote of his fellow commissioners, Shabo was elected to serve as the Chair of the CFHA. Id. ¶ 9.
[2] Under Central Falls' proposed budget for fiscal year 2011, the CFHA will also pay Central Falls $56,974.00.Id. ¶ 12.